UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CURTIS McDANIEL,

                            Plaintiff,

          -against-

NYC FIRE DEPARTMENT, NYC POLICE
DEPARTMENT, JOHN and JANE DOES 1-7,
CITY OF NEW YORK,

                           Defendants.

20-CV-0995 (PGG)

ORDER OF SERVICE

---

PAUL G. GARDEPHE, United States District Judge:

      Plaintiff, currently incarcerated at Bare Hill Correctional Facility, brings this pro se action under 42 U.S.C. § 1983, alleging that unidentified "John and Jane Doe" officers of the New York City Police Department ("NYPD") and the New York City Fire Department ("FDNY") illegally searched his apartment on three separate occasions. He also alleges that during one of those occasions, officers falsely arrested him. He names as defendants the City of New York and six John and Jane Doe defendants. By order dated May 14, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").[1]

## DISCUSSION

**A.    Service on the City of New York**

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed in forma pauperis. See 28 U.S.C. § 1915(b)(1).

serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the amended complaint until the Court reviewed the amended complaint and ordered that summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the amended complaint on Defendant City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons for the City of New York and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.    Valentin order**

Under Valentin v. Dinkins, a pro se litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended

complaint, Plaintiff supplies sufficient information to permit the NYPD and the FDNY to identify the six John and Jane Doe defendants whom Plaintiff seeks to sue here; specifically, the officers who (1) searched his apartment on July 11, 2018, February 25, 2019, and in March 2019, and the officers who (2) arrested him on July 11, 2018. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD and the FDNY, must ascertain the identity and badge number of each John and Jane Doe defendant whom Plaintiff seeks to sue here and the address where the defendant may be served. The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the newly identified defendants. The second amended complaint will replace, not supplement, the original and amended complaint. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen it and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John and Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue a summons for the City of New York, complete the USM-285 form with the address for the City of New York, and deliver all documents necessary to effect service on the City of New York to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the amended complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007.

An amended civil rights complaint form is attached to this order.

SO ORDERED.

Dated:   December 21, 2020
         New York, New York

                                        PAUL G. GARDEPHE
                                        United States District Judge

## DEFENDANT AND SERVICE ADDRESS

New York City Law Department
100 Church Street
New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

_____
Write the full name of each plaintiff.

-against-

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

_____
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                    State                    Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

Page 2

**IV.   DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: _____
First Name          Last Name            Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City            State            Zip Code

Defendant 2: _____
First Name          Last Name            Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City            State            Zip Code

Defendant 3: _____
First Name          Last Name            Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City            State            Zip Code

Defendant 4: _____
First Name          Last Name            Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City            State            Zip Code

## V.   STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

Page 4

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                                    Plaintiff's Signature

_____          _____
First Name           Middle Initial           Last Name

_____
Prison Address

_____
County, City                                    State                       Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____