

**J**AMES **E. J**OHNSON
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**

**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**J**ESSICA **C. E**NGLE
*Assistant Corporation Counsel*
Phone: (212) 356-0827
Fax: (212) 356-3509
Email: jengle@law.nyc.gov

February 14, 2021

**BY ECF**
Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Honorable Sarah Netburn
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    <u>Curtis A. McDaniel v. Evangelista, et al.</u>, 19 Civ. 7680 (AJN) (KHP)

            <u>Curtis McDaniel v. City of New York, et al.</u>, 20 Civ. 995 (PGG) (SN)

Your Honor:

       I am the attorney in the office of James E. Johnson, Corporation Counsel of the City of New York, assigned to the above referenced matter. Defendant the City of New York respectfully requests (1) the transfer and consolidation of the above-referenced matters, which involve common questions of fact and law, pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure ("FRCP");[1] (2) that the deadline for the defendant officers to respond to the

---

[1] Should this request be granted, the two cases should be consolidated under the existing, older docket number for *McDaniel v. Evangelista, et al.*, 19 Civ. 7680 (AJN) (KHP). *See, e.g.*, *Perez v. Hexo Corp.*, 19 Civ. 10965 (NRB) / 20 Civ. 196 (NRB), 2020 U.S. Dis. LEXIS 32381, at *3 (S.D.N.Y. Feb. 25, 2020) ("All relevant filings and submissions" in consolidated actions "shall be maintained as one file under docket number 19 Civ. 10965 [the older docket number]").

Complaint in Civil Docket No. 19 Civ. 7680 (hereinafter "*McDaniel III*"[2]) be enlarged until March 8, 2021, when defendant City's response to the Complaint in Civil Docket No. 20 Civ. 995 (hereinafter "*McDaniel IV*") is due;[3] and (3) that the initial conference scheduled for February 25, 2021, in McDaniel III be adjourned until after March 8, 2021, so that discovery can be coordinated in both matters after defendants in both cases have responded to the operative complaints. As plaintiff is incarcerated, defendant was unable to obtain his consent. However, defendant respectfully submits that far from prejudicing plaintiff, the sought relief will assist plaintiff in pursuing his claims more efficiently and expeditiously.

**Background**

*McDaniel III*

Plaintiff Curtis McDaniel, who is proceeding *pro se*, filed the Complaint in *McDaniel III* on August 14, 2019. *See McDaniel III* Civil Docket Sheet Entry No. 3. After being twice ordered to amend his Complaint, plaintiff filed his Second Amended Complaint ("SAC") on January 22, 2020. *See McDaniel III* Civil Docket Sheet Entry No. 14. On February 14, 2020, the Court dismissed all individuals identified as defendants in the SAC except for New York City Police Department ("NYPD") Officers Nicholas Evangelista and Julian Febres.[4] *See* Civil Docket Sheet Entry No. 17.

Construed liberally, plaintiff's SAC brings claims of false arrest and malicious prosecution against these two officers. *See generally McDaniel III* Civil Docket Sheet Entry No. 14. In his SAC, plaintiff alleges that, on an unspecified date, he placed a 911 call wherein he reported that "8 men [we]re outside [his] building and they tried to attack [him] with weapons." *Id.* at p. 20. He further alleges that once officers arrived, the officers claimed that plaintiff had threatened "the victim," and further claimed that plaintiff was in possession of a weapon. *Id.* Plaintiff also alleges that his "911 call was intentionally not investigated because one of the victims was an informant and officers on the scene undercover were paid off," *Id.* at p. 19, and that there was no probable cause for his arrest or prosecution. *See id.*, *passim*. Finally, plaintiff alleges that after his arrest, he was strip searched twice at two different precincts, and then twice at Central Booking. *Id.* at 23.

---

[2] Plaintiff has two (2) earlier cases pending in the Southern District of New York that include allegations against defendant City and/or its employees.

[3] The Court's Order of Service dated December 21, 2020 ordered the U.S. Marshals Service to effect service upon defendant City of New York. *See* Civil Docket Sheet Entry No. 11. However, the text description of that Order on the Civil Docket Sheet states, "Waiver of Service due by 1/20/2021." *Id.* On January 7, 2021, Assistant Corporation Counsel Peter Brocker filed a notice of appearance on behalf of defendant City, thereby waiving service of process for the City. *See* Civil Docket Sheet Entry No. 15. Thus, defendant City's response to the Complaint is due sixty (60) days later, on March 8, 2021.

[4] In that same Order, the Court explained, "Because [p]laintiff does not make any allegations against the two Jane Doe [d]efendants and does not supply sufficient information to permit the attorney for or agent of the Doe [d]efendants to identify them, the Court declines . . . to issue an order under *Valentin v. Dinkins* . . . seeking the identities of the Doe [d]efendants." Civil Docket Sheet Entry No. 17 at p. 6.

*McDaniel IV*

Plaintiff filed the Complaint in *McDaniel IV* on February 2, 2020.  *See* McDaniel-995 Civil Docket Sheet Entry No. 2.  After being ordered to amend, plaintiff filed an Amended Complaint ("AC") on October 5, 2020.  *See McDaniel IV* Civil Docket Sheet Entry No. 9.  This AC purports to name the City of New York, four (4) NYPD John Doe officers, and two (2) NYPD Jane Doe officers as defendants.  *See id.*  Construing the AC liberally, plaintiff appears to bring claims for false arrest, malicious prosecution, and unlawful search and seizure against the defendant officers.  *See generally id.*

In his AC, plaintiff describes three (3) separate incidents that occurred on or about July 11, 2018; February 25, 2019; and sometime in March 2019.  *See id.* at pp. 4, 5, 7.  The alleged incident on July 11, 2018 ("July 11th incident"), as described by plaintiff, is identical to the incident alleged in his other case, *McDaniel III*.  Here, just as in *McDaniel III*, he alleges that he "called the police to arrest 8 gu[ys] outside [his] home with weapons."  *Id.* at p. 4.  He further alleges, again as in *McDaniel III*, that one of the eight (8) men outside his home was a confidential informant.  *See id.* at 4–5.  Again as in *McDaniel III*, plaintiff alleges that his 911 call was not investigated because of the presence of this confidential informant, and that there was no probable cause for his arrest and prosecution.  *See id.*

Unlike in *McDaniel III*, however, plaintiff goes on to describe two additional incidents.  He alleges that these additional incidents, in combination with the July 11th incident, constituted a pattern wherein officers "repeatedly [broke] in to [sic] [his] house to search it for any thing illegal and/or illegal activities."  *Id.* at 4.  Thus, the AC in *McDaniel IV* contains the same allegations as those in *McDaniel III*, and additional allegations which plaintiff purports are very much related.

**Legal Standard**

FRCP 42(a) provides that consolidation is appropriate "[i]f actions before the court involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  The standard for consolidation "is an expansive one, allowing consolidation of the broad range of cases brought in federal court."  8 MOORE'S FED. PRAC. § 42.10[1][a], at 42-9 (3d ed. 1998).  Indeed, consolidation is appropriate "when there are common questions of law or fact to avoid unnecessary costs or delay," such as suits that bring "virtually identical claims based on virtually identical factual allegations."  *R.I .Laborers' Pension Fund v. FedEx. Corp.*, 19 Civ. 5990 (RA)/19 Civ. 6183 (RA), 2019 U.S. Dist. LEXIS 180646, at *7 (S.D.N.Y. Oct. 18, 2019) (internal quotation marks and citations omitted).

"It is well-settled that Rule 42 gives a district court broad discretion to consolidate legal actions *sua sponte*."  *City of Riviera Beach Gen. Emples. Ret. Sys. v. Macquarie Infrastructure Corp.*, 18 Civ. 3608 (VSB), 2019 U.S. Dist. LEXIS 14860, at *7 (S.D.N.Y. Jan. 30, 2019) (internal citation omitted).  Consolidation "should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion."  *Devlin v. Transportation Communs. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotation marks and citations omitted).  "Indeed, if judicial resources will be conserved thereby advancing judicial economy, a district court will generally consolidate

actions." *City of Riviera Beach Gen. Emples. Ret. Sys. v. Macquarie Infrastructure Corp.*, 18 Civ. 3608 (VSB), 2019 U.S. Dist. LEXIS 14860, at *7 (S.D.N.Y. Jan. 30, 2019) (internal citation omitted).

In deciding a motion to consolidate, courts consider:

> [w]hether the specific risks of prejudice and possible confusion that could arise from consolidation are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time require to conclude multiple suits as against a single one, and the relative expense to all concerned.

*Glavan v. Revolution Lighting Techs., Inc.*, 19 Civ. 980 (JPO) / 19 Civ. 2308 (JPO) / 19 Civ. 2722 (JPO), 2019 U.S. Dist. LEXIS 125960, at *6 (S.D.N.Y. July 29, 2019) (quoting *Barkley v. Olympia Mortg. Co.*, 557 F. App'x 22, 25 (2d Cir. 2014) (summary order) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)). Consolidation has been found to be appropriate in virtually every kind of action that can be brought in federal court, including § 1983 actions. *See, e.g.*, *Hayes v. Coughlin*, Nos. 87-7401(CES) / 89-5498(CES), 1991 U.S. Dist. LEXIS 10521, at *6 (S.D.N.Y. July 30, 1991); *see also In re Larry McNair*, 15 Civ. 8915, Docket Entry No. 14 (Memo Endorsement of Motion to Consolidate). Where consolidation is otherwise appropriate, "[t]hat certain defendants are named in only one or some of the complaints does not require a different result." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 03 Civ. 8264 (RWS) / 03 Civ. 8521 (RWS) / 03 Civ. 8935 (RWS) / 03 Civ. 9968 (RWS) / 04 Civ. 2038 (RWS), 229 F.R.D. 395, 402 (S.D.N.Y. May 27, 2004) (collecting cases).

### Argument

Consolidation of *McDaniel III* and *McDaniel IV* is appropriate because there are common questions of fact and law, and because plaintiff brings identical claims on identical factual allegations that he purports are part of one string of related events.

A comparison of the operative complaints in these two cases shows that the incident alleged in *McDaniel III* are regarding the same July 11th incident alleged in *McDaniel IV*. Thus, plaintiff's claim that the other incidents alleged in *McDaniel IV* are related to the July 11th incident set forth in *McDaniel IV* means that those other incidents are related to the incident alleged in *McDaniel III*. Accordingly, any discovery and motion practice that will occur in *McDaniel IV* will be largely duplicative of the discovery that will occur in *McDaniel III*. Such duplication will not only create a very real risk of inconsistent adjudications, but will also increase the relative expense of defending these actions by forcing the defendants to expend significant time and resources duplicating their efforts. Particularly because plaintiff is proceeding *pro se*, exchanging discovery and motions regarding the same underlying allegations is bound to create confusion regarding what documents, motions, and conferences pertain to

which case.[5]  Such confusion will almost certainly create inefficiency and delay that will affect both the parties, and the Court.  In contrast, consolidation will create greater clarity, allow for further development of the facts, reduce the risk of divergent rulings and repetitious discovery, and result in the most efficient use of judicial resources.

Accordingly, defendant City respectfully requests that *McDaniel IV* be transferred and consolidated with *McDaniel III* to avoid the prejudice to defendants that will result from having to litigate these duplicative and intertwined claims separately.  Additionally, in light of this request, defendant respectfully requests that defendants Febres and Evangelista's time to respond in *McDaniel III* be enlarged until March 8, 2021, defendant City's time to respond in *McDaniel IV*, and that the initial conference scheduled for February 25, 2021, in *McDaniel III* be adjourned until after the defendants in both actions have responded to the operative complaints.

Thank you for your consideration.

Respectfully submitted,

*Jessica C. Engle* /S/
Jessica C. Engle
*Assistant Corporation Counsel*

CC:     **BY ECF**
        Honorable Alison J. Nathan
        United States District Judge
        United States District Court
        Southern District of New York
        40 Foley Square
        New York, NY 10007

        Honorable Paul G. Gardephe
        United States District Judge
        United States District Court
        Southern District of New York
        40 Foley Square
        New York, NY 10007

        **BY FIRST CLASS MAIL**
        Curtis McDaniel
        *Plaintiff Pro Se*
        #20A0242

---

[5] Indeed, plaintiff already previously confused McDaniel III with yet another case he has pending in the Southern District of New York.  *See* Civil Docket Sheet Entry Nos. 10–11.  That there has already been confusion with McDaniel III and another case that does not contain duplicative allegations suggests that there will be even greater confusion here, between McDaniel III and McDaniel IV, where the claims *are* duplicative.

Bare Hill C.F.
Caller Box 20
181 Brand Rd.
Malone, NY 12953